THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GUSTAVE S. FISCHMAN AND ABRAHAM SEIDMAN, PLAINTIFFS IN ERROR.

Argued May 27, 1931—Decided October 19, 1931.

For the plaintiff in error, *Kraemer, Siegler & Siegler* (*Joseph Kraemer,* on the brief).

For the defendant in error, *Joseph L. Smith,* prosecutor of the pleas (*Joseph E. Conlon,* on the brief).

PER CURIAM.

The judgment under review should be affirmed and for the reasons expressed in the opinion delivered by the Supreme Court except as herein otherwise noted.

It is recited in the opinion below that the writ of error was sued out by the defendant Seidman. The writ was in fact sued out by both defendants, Fischman and Seidman; but it seems that only Seidman prosecuted the writ before the Supreme Court. The state's brief in this court contains the statement that defendant Fischman stipulated to submit his case to the Supreme Court on Seidman's brief. It appears, however, that it was not so submitted. Nor is the Fischman branch of the case, in any phase, before us.

Amongst the alleged errors argued on the Seidman brief are that the court permitted proofs of the conduct and conversations of others than Seidman had out of the latter's presence. Some such were acts of and declarations by Fischman that were clearly in the progress of and before the completion of the offense for which the defendants were jointly indicted and which they conspired to commit. The opinion in the court below adequately states the propriety of the pertinent rulings. *State* v. *Neary,* 106 *N. J. L.* 104. Certain other rulings of a like nature related to conduct of Fischman which, it is contended, was subsequent to the completion of the indicted offense. We find it unnecessary to pass upon either these facts or the law thereon. The precise questions which the defendant says were erroneously sustained were not stated with particularity in either the assignments of error or the causes for reversal. *State* v. *Blaine,* 104 *N. J. L.* 325. Further, such proofs as were admissible against Fischman constituted competent testimony at the trial. It was for Seidman in such an instance to request a restrictive charge; and that he did not do.

We have not considered the question of the admissibility of evidence of acts or declarations of a co-conspirator had

after the completion of the crime and out of the presence of the defendant sought to be charged therewith.

*For affirmance*—TRENCHARD, PARKER, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—None.